[623 NYS2d 636]

In the Matter of AARON G. WINDHEIM, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 13, 1995

### APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains *(Gary D. Egerman* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

By decision and order of this Court, dated January 7, 1993, the respondent was suspended from the practice of law pursuant to 22 NYCRR 691.4 *(l)* (1), pending further order of the

Court, based upon conduct immediately threatening the public interest in that he failed to comply with the lawful demands of the Grievance Committee in connection with its investigation. The issues raised were referred to the Honorable Robert T. Groh, as Special Referee, to hear and report. By order of this Court dated November 30, 1994, the petitioner's motion for the entry of a default judgment against the respondent on the ground that he failed to serve and file an answer to the supplemental petition, dated March 11, 1994, and for the imposition upon the respondent of such discipline as the Court deems appropriate was denied, with leave to renew upon the respondent's failure to appear for an inquest on a date certain to be designated by the Grievance Committee.

Respondent acknowledged service of a supplemental petition containing five additional charges of professional misconduct against him. The charges against him include failing to cooperate with a legitimate investigation of the Grievance Committee, failing to comply with the lawful demands of the Appellate Division, Second Judicial Department, and failing to account for escrow funds. On December 14, 1994, the respondent was served with a copy of this Court's order, dated November 30, 1994, and both a judicial subpoena and a judicial subpoena duces tecum requiring him to appear on a date certain, December 29, 1994, along with specified bank records and designated records and documents in his possession. On December 29, 1994, the respondent faxed a letter to the Grievance Committee's offices requesting a two-week adjournment of the return date of the subpoena in order to complete his review of the files. Grievance Counsel left a message on the respondent's answering machine requesting that he contact the office. The respondent failed to do so.

On January 3, 1995, Grievance Counsel forwarded correspondence to the respondent by both regular and certified mail, return receipt requested, advising that the return date on the subpoenas had been adjourned, at his request, until 10:00 A.M. on January 24, 1995 and that no further adjournments would be granted. The letter unequivocally advised the respondent that his failure to appear on January 24, 1995 would result in the Grievance Committee's renewal of its motion for a default judgment against him. The respondent signed the return receipt card on January 6, 1995. He failed to appear on the adjourned date and failed to contact the petitioner.

The petitioner now moves to impose discipline upon the

respondent upon his default. Although he acknowledged service on January 25, 1995, the respondent has not replied to the motion to impose discipline upon his default.

The charges, if established, would require the imposition of a disciplinary sanction against the respondent. Inasmuch as the respondent has chosen not to appear or answer as directed in this proceeding, the charges must be deemed established. The petitioner's motion to hold the respondent in default and impose discipline is, therefore, granted. Accordingly, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., BRACKEN, SULLIVAN, BALLETTA and SANTUCCI, JJ., concur.

Ordered that the petitioner's motion to impose discipline upon the respondent based upon his failure to appear or answer as directed is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Aaron G. Windheim, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see, 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Aaron G. Windheim is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.